## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MGAGE, LLC,<br><br>               Plaintiff,<br><br>       -v-<br><br>GLENN STANSBURY, TRACEY DREBY, DARREN METZGER, ROBERT MERKIN, RONALD SULAK, MOBIVITY, INC. and MOBIVITY HOLDINGS CORP.,<br><br>               Defendants. | Civil Action No.: 19-CV-01165 (CM) (KHP)<br><br>Hon. Colleen McMahon |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Mobivity Holdings Corp., Mobivity, Inc. (with Mobivity Holdings Corp., "Mobivity" or "Corporate Defendant"), Glenn Stansbury ("Stansbury"), Tracey Dreby ("Dreby"), Darren Metzger ("Metzger"), Robert Merkin ("Merkin"), and Ronald Sulak ("Sulak"),[1] by and through their attorneys, Greenberg Traurig, LLP, hereby submit the following Answer, Affirmative Defenses, and Counterclaims (the "Responsive Pleading") in response to the Complaint of Plaintiff mGage, LLC ("mGage" or "Plaintiff"). This Responsive Pleading is based upon Defendants' knowledge as to their own activities and upon information and belief as to the activities of others. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint.

### INTRODUCTION

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

---

[1] Mobivity, Stansbury, Dreby, Merkin, Sulak, and Metzger are collectively referred to throughout the Responsive Pleading as the "Defendants." Stansbury, Dreby, Merkin, Sulak, and Metzger are collectively referred to throughout the Responsive Pleading as the "Employees."

2.    Stansbury admits that he served as mGage's Vice President of Sales from August 2015 until December 1, 2018. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint; therefore, Plaintiff is left to its proofs.

3.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint; therefore, Plaintiff is left to its proofs.

4.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint; therefore, Plaintiff is left to its proofs.

5.    Dreby admits that she tendered her resignation from mGage on November 14, 2018. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint; therefore, Plaintiff is left to its proofs.

6.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint; therefore, Plaintiff is left to its proofs.

7.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint; therefore, Plaintiff is left to its proofs.

8.    Metzger and Merkin admit that they tendered their resignations from mGage on November 5, 2018 and November 6, 2018 respectively and that they subsequently assumed employment with Mobivity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint; therefore, Plaintiff is left to its proofs.

9.    Sulak admits that he was terminated by mGage in August 2018. Any remaining allegations in Paragraph 9, whether express or implied, are denied. Defendants are without

*ACTIVE 42507210v7*

sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint; therefore, Plaintiff is left to its proofs.

10. Defendants deny the allegations in Paragraph 10 to the extent they state legal conclusions to which no responsive pleading is required. To the extent any factual allegations are implied or stated in the conclusions, they are denied.

11. Defendants deny the allegations in Paragraph 11 to the extent they reference documents, which speak for themselves, and to the extent they state legal conclusions to which no responsive pleading is required.

12. Defendants admit that Mobivity, Inc. develops and operates proprietary platforms to conduct national and localized, and data-driven marketing campaigns in the United States, and that a portion of Mobivity's offerings involve mobile marketing and software. Any remaining allegations in Paragraph 12, whether express or implied, are denied.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that mGage purports to seek injunctive relief and damages in connection with alleged violations of the Restrictive Covenant Agreements and other legal obligations, but deny that mGage is entitled to any such relief.

**PARTIES**

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint; therefore, Plaintiff is left to its proofs.

17. Defendants admit the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants admit the allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants admit the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

## JURISDICTION AND VENUE

24. Defendants deny the allegations in Paragraph 24 to the extent they state legal conclusions to which no responsive pleading is required. To the extent any factual allegations are implied or stated in the conclusions, Defendants are without sufficient knowledge or information to form a belief as to the truth the same; therefore, Plaintiff is left to its proofs.

25. Defendants deny the allegations in Paragraph 25 to the extent they state legal conclusions to which no responsive pleading is required. To the extent any factual allegations are implied or stated in the conclusions, Defendants are without sufficient knowledge or information to form a belief as to the truth the same; therefore, Plaintiff is left to its proofs.

26. Defendants deny the allegations in Paragraph 26 because they state legal conclusions to which no responsive pleading is required.

## FACTS

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint; therefore, Plaintiff is left to its proofs.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint; therefore, Plaintiff is left to its proofs.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint; therefore, Plaintiff is left to its proofs.

*ACTIVE 42507210v7*

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint; therefore, Plaintiff is left to its proofs.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint; therefore, Plaintiff is left to its proofs.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint; therefore, Plaintiff is left to its proofs.

33. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint; therefore, Plaintiff is left to its proofs.

34. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint; therefore, Plaintiff is left to its proofs.

35. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint; therefore, Plaintiff is left to its proofs.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint; therefore, Plaintiff is left to its proofs.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint; therefore, Plaintiff is left to its proofs.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint; therefore, Plaintiff is left to its proofs.

39. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint; therefore, Plaintiff is left to its proofs.

40. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint; therefore, Plaintiff is left to its proofs.

ACTIVE 42507210v7

41. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint; therefore, Plaintiff is left to its proofs.

42. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint; therefore, Plaintiff is left to its proofs.

43.  The document referenced in Paragraph 43 of the Complaint speaks for itself, and Defendants deny the allegations in Paragraph 43 to the extent they are inconsistent with that document. With respect to any remaining factual allegations in Paragraph 43, Defendants are without sufficient knowledge or information to form a belief as to the truth of the same; therefore, Plaintiff is left to its proofs.

44. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint; therefore, Plaintiff is left to its proofs.

45. The document referenced in Paragraph 45 of the Complaint speaks for itself, and Defendants deny the allegations in Paragraph 45 to the extent they are inconsistent with that document.

46. The document referenced in Paragraph 46 of the Complaint speaks for itself, and Defendants deny the allegations in Paragraph 46 to the extent they are inconsistent with that document.

47.  Defendants admit that the Former Employees each entered into certain agreements with mGage, which documents speak for themselves. Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48. The document referenced in Paragraph 48 of the Complaint speaks for itself, and Defendants deny the allegations in Paragraph 48 to the extent they are inconsistent with that document.

49. The document referenced in Paragraph 49 of the Complaint speaks for itself, and Defendants deny the allegations in Paragraph 49 to the extent they are inconsistent with that document.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 because they state legal conclusions to which no responsive pleading is required.

52. Defendants deny the allegations in Paragraph 52 because they state legal conclusions to which no responsive pleading is required.

53. Defendants deny the allegations in Paragraph 53 because they state legal conclusions to which no responsive pleading is required.

54. Stansbury admits the allegations in the body of Paragraph 54 of the Complaint. Merkin admits that he signed his employment agreement in February 2016. Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, including footnote 4 thereto; therefore, Plaintiff is left to its proofs.

55. Defendants admit that Exhibit A purports to be an "Agreement on Ideas, Inventions, and Confidential Information," which speaks for itself.

56. Defendants deny the allegations in Paragraph 56 to the extent they state legal conclusions to which no responsive pleading is required. Otherwise, Stansbury generally admits the factual allegations in Paragraph 56. Dreby, Metzger, Merkin, and Sulak admit they reported in some respects to Stansbury while employed with mGage, and are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in this Paragraph.

*ACTIVE 42507210v7*

57. Stansbury admits the allegations in Paragraph 57. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

58. Stansbury admits the allegations in Paragraph 58. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

59. Defendants admit that Exhibit B purports to be an "Agreement on Ideas, Inventions, and Confidential Information," which speaks for itself. Dreby admits that she worked for mGage as Lead Account Director from approximately January 1, 2016 until approximately December 1, 2016. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 to the extent they state legal conclusions to which no responsive pleading is required. Dreby generally admits the factual allegations in Paragraph 60. Although Dreby, Metzger, Merkin, and Sulak admit they reported to Stansbury in some respects while employed with mGage, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in this Paragraph.

61. Dreby admits the allegations in Paragraph 61. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

62. Dreby admits the allegations in Paragraph 62. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

63. Defendants admit that Exhibit C purports to be an "Agreement on Ideas, Inventions, and Confidential Information," which speaks for itself. Metzger admits that he was employed by mGage from approximately January 1, 2016 until November 5, 2018. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendants admit that Exhibit D purports to be an "Agreement on Ideas, Inventions, and Confidential Information," which speaks for itself. Merkin admits that he was employed by mGage from approximately February 15, 2016 until November 6, 2018. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 to the extent they state legal conclusions to which no responsive pleading is required. Metzger and Merkin generally admit the factual allegations in Paragraph 65. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in this Paragraph.

66. Metzger and Merkin admit the factual allegations in Paragraph 66. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in this Paragraph.

67. Defendants deny the allegations in Paragraph 67 to the extent they state legal conclusions to which no responsive pleading is required. Sulak generally admits the factual allegations in Paragraph 67. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations in this Paragraph.

68. Defendants admit that Exhibit E purports to be an "Agreement on Ideas, Inventions, and Confidential Information," which speaks for itself.

69. Sulak admits the factual allegations in Paragraph 69. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

70. Sulak admits mGage terminated his employment on or about August 3, 2018. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

71. Defendants admit that mGage agreed to waive Sulak's noncompetition covenant in connection with his Severance Agreement and that mGage thus is not alleging that Sulak's employment with Mobivity directly violates his Agreement. Sulak denies that he has violated other contractual and legal obligations to mGage. Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint; therefore, Plaintiff is left to its proofs.

72. Mobivity admits that it develops and operates proprietary platforms to conduct national and localized, and data-driven marketing campaigns in the United States. Mobivity further admits that through Mobivity's engagement of services of third-party, Tier 1 aggregators, such as mGage, Mobivity's customers are able to deliver targeted marketing through SMS, MMS, and push notifications. Mobivity further admits that its customers may use its data analytics products and services to, among other things, track purchase history. Mobivity admits that it currently employs Sulak. Any remaining allegations in Paragraph 72, whether express or implied, are denied.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

*ACTIVE 42507210v7*

75. Stansbury admits he submitted his resignation on November 5, 2018, but states that he only continued working on behalf of mGage until December 1, 2018 at the request of mGage. Stansbury denies all remaining allegations in this Paragraph. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

76. Stansbury, Metzger, and Merkin admit Stansbury issued Metzger and Merkin correction action plans on or about November 5, 2018. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

77. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph 77; therefore, Plaintiff is left to its proofs.

78. The documents referenced in Paragraph 78 of the Complaint ("corrective action plans") speak for themselves, and Defendants deny the allegations in Paragraph 78 to the extent they are inconsistent with those documents. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

79. The documents referenced in Paragraph 79 of the Complaint ("corrective action plans" and "resignations") speak for themselves, and Defendants deny the allegations in Paragraph 78 to the extent they are inconsistent with those documents. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79.

80. Stansbury, Metzger, and Merkin deny the allegations in Paragraph 80. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph; therefore, Plaintiff is left to its proofs.

11

81. Dreby admits she submitted her resignation to mGage on November 14, 2018 but states that she only continued working on behalf of mGage until December 1, 2018 at the request of mGage. Otherwise, Stansbury and Dreby deny all allegations, whether express or implied, in this Paragraph. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of this Paragraph; therefore, Plaintiff is left to its proofs.

82. Defendants admit that Mobivity offered Metzger, Merkin, Stansbury, and Dreby employment, which they then accepted, prior to their resignations from mGage. Metzger and Mobivity admit Metzger was issued a Mobivity e-mail address as early as November 26, 2018. Stansbury and Mobivity admit Stansbury was issued a Mobivity e-mail address as early as November 30, 2018.

83. Defendants deny the allegations in the last sentence of Paragraph 83 of the Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations in Paragraph 83; therefore, Plaintiff is left to its proofs.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Stansbury denies the allegations in Paragraph 85. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations in this Paragraph; therefore, Plaintiff is left to its proofs.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants are without sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations in Paragraph 87; therefore, Plaintiff is left to its proofs.

88. Dreby denies that she misappropriated any information referenced in Paragraph 88 of the Complaint. Otherwise, Defendants are without sufficient knowledge or information to form a

*ACTIVE 42507210v7*

belief as to the truth of any remaining factual allegations in Paragraph 88; therefore, Plaintiff is left to its proofs.

89. Dreby denies that she misappropriated any information referenced in Paragraph 89 of the Complaint, and that she had no valid business reason for accessing this information. Otherwise, Defendants are without sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations in Paragraph 89; therefore, Plaintiff is left to its proofs.

90. Dreby denies the allegations in Paragraph 90 of the Complaint. Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90; therefore, Plaintiff is left to its proofs.

91. Sulak denies the allegations in Paragraph 91. All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91; therefore, Plaintiff is left to its proofs.

92. Defendants deny that they misappropriated any information referenced in Paragraph 92 of the Complaint. Defendants are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92; therefore, Plaintiff is left to its proofs.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. The documents referenced in Paragraph 96 of the Complaint ("Demand Letters") speak for themselves, and Defendants deny the allegations in Paragraph 96 to the extent they are inconsistent with those documents. Otherwise, Sulak admits he responded to the Demand Letter, and Dreby, Metzger, Merkin, and Stansbury admit they did not respond to the Demand Letters.

Mobivity is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph.

97. The documents referenced in Paragraph 97 of the Complaint ("Restrictive Covenant Agreements") speak for itself, and Defendants deny the allegations in Paragraph 97 to the extent they are inconsistent with those documents. Defendants further deny the allegations in Paragraph 97 to the extent they state legal conclusions to which no responsive pleading is required.

98. Mobivity denies the allegations in the first sentence of Paragraph 98 of the Complaint. Mobivity further admits that it a letter dated January 23, 2019 was sent from mGage's counsel of record, which speaks for itself, and that Mobivity sent a response on January 30, 2019, which speaks for itself. Defendants deny the allegations in Paragraph 98 to the extent they are inconsistent with those documents.  All other Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98; therefore, Plaintiff is left to its proofs.

99. Defendants deny the allegations in Paragraph 99.

100.    Defendants are without sufficient knowledge or information to form a belief as to the truth of any remaining factual allegations in Paragraph 100; therefore, Plaintiff is left to its proofs.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS
### 18 U.S.C. §§ 1832, 1836
### (All Defendants)

105.    Defendants incorporate by reference their responses to Paragraphs 1-104 as though fully set forth herein.

106.    Defendants deny the allegations in Paragraph 106 because they state legal conclusions to which no responsive pleading is required.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations in the first sentence of Paragraph 108 of the Complaint because they state legal conclusions to which no responsive pleading is required. Defendants deny the remaining allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 114.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS
### Common Law
### (All Defendants)

115.    Defendants incorporate by reference their responses to Paragraphs 1-114 as though fully set forth herein.

*ACTIVE 42507210v7*

116.     Defendants deny the allegations in Paragraph 116 because they state legal conclusions to which no responsive pleading is required.

117.     Defendants deny the allegations in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Complaint.

119.     Defendants deny the allegations in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations in Paragraph 120 of the Complaint.

121.     Defendants deny the allegations in Paragraph 121 of the Complaint.

122.     Defendants deny the allegations in Paragraph 122 of the Complaint.

123.     Defendants deny the allegations in Paragraph 123 of the Complaint.

124.     Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 124.

## COUNT III
## BREACH OF CONTRACT
### (Stansbury)

125.     Stansbury incorporates by reference Defendants' responses to Paragraphs 1-124 as though fully set forth herein.

126.     Stansbury admits that he entered into an Agreement on Ideas, Inventions, and Confidential Information during his employment with mGage, which speaks for itself. Stansbury denies the allegations in Paragraph 126 to the extent they are inconsistent with that document.

127.     Stansbury is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127; therefore, Plaintiff is left to its proofs.

128.     The document referenced in Paragraph 128 of the Complaint speaks for itself, and Stansbury denies the allegations in Paragraph 128 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

ACTIVE 42507210v7

129.     Stansbury denies the allegations in Paragraph 129 of the Complaint.

130.     Stansbury denies the allegations in Paragraph 130 of the Complaint.

131.     Stansbury denies the allegations in Paragraph 131 of the Complaint.

132.     The document referenced in Paragraph 132 of the Complaint speaks for itself, and Stansbury denies the allegations in Paragraph 132 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

133.     Stansbury denies the allegations in Paragraph 133 of the Complaint. Stansbury further denies that Plaintiff is entitled to the relief requested in this Paragraph.

## COUNT IV
## BREACH OF CONTRACT
### (Dreby)

134.     Dreby incorporates by reference Defendants' responses to Paragraphs 1-134 as though fully set forth herein.

135.     Dreby admits that she entered into an Agreement on Ideas, Inventions, and Confidential Information during his employment with mGage, which speaks for itself. Dreby denies the allegations in Paragraph 135 to the extent they are inconsistent with that document.

136.     Dreby is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136; therefore, Plaintiff is left to its proofs.

137.     Dreby denies the allegations in Paragraph 137.

138.     The document referenced in Paragraph 138 of the Complaint speaks for itself, and Dreby denies the allegations in Paragraph 138 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

139.     Dreby denies the allegations in Paragraph 139 of the Complaint.

*ACTIVE 42507210v7*

140.    Dreby denies the allegations in Paragraph 140 of the Complaint.

141.    The document referenced in Paragraph 141 of the Complaint speaks for itself, and Dreby denies the allegations in Paragraph 141 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied..

142.    Dreby denies the allegations in Paragraph 142 of the Complaint. Dreby further denies that Plaintiff is entitled to the relief requested in this Paragraph.

## COUNT V
## BREACH OF CONTRACT
### (Metzger)

143.    Metzger incorporates by reference Defendants' responses to Paragraphs 1-142 as though fully set forth herein.

144.    Metzger admits that he entered into an Agreement on Ideas, Inventions, and Confidential Information during his employment with mGage, which speaks for itself. Metzger denies the allegations in Paragraph 144 to the extent they are inconsistent with that document.

145.    Metzger is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145; therefore, Plaintiff is left to its proofs.

146.    The document referenced in Paragraph 146 of the Complaint speaks for itself, and Metzger denies the allegations in Paragraph 146 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

147.    Metzger denies the allegations in Paragraph 147 of the Complaint.

148.    Metzger denies the allegations in Paragraph 148 of the Complaint.

149.    Metzger denies the allegations in Paragraph 149 of the Complaint.

150.    The document referenced in Paragraph 150 of the Complaint speaks for itself, and Metzger denies the allegations in Paragraph 150 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

151.    Metzger denies the allegations in Paragraph 151 of the Complaint. Metzger further denies that Plaintiff is entitled to the relief requested in this Paragraph.

**COUNT VI**
**BREACH OF CONTRACT**
**(Merkin)**

152.    Merkin incorporates by reference Defendants' responses to Paragraphs 1-151 as though fully set forth herein.

153.    Merkin admits that he entered into an Agreement on Ideas, Inventions, and Confidential Information during his employment with mGage, which speaks for itself. Merkin denies the allegations in Paragraph 153 to the extent they are inconsistent with that document.

154.    Merkin is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154; therefore, Plaintiff is left to its proofs.

155.    The document referenced in Paragraph 128 of the Complaint speaks for itself, and Merkin denies the allegations in Paragraph 128 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

156.    Merkin denies the allegations in Paragraph 156 of the Complaint.

157.    Merkin denies the allegations in Paragraph 157 of the Complaint.

158.    Merkin denies the allegations in Paragraph 158 of the Complaint.

159.    The document referenced in Paragraph 159 of the Complaint speaks for itself, and Stansbury denies the allegations in Paragraph 159 to the extent they are inconsistent with that

document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

160.    Merkin denies the allegations in Paragraph 160 of the Complaint. Merkin further denies that Plaintiff is entitled to the relief requested in this Paragraph.

## COUNT VII
## BREACH OF CONTRACT
### (Sulak)

161.    Sulak incorporates by reference Defendants' responses to Paragraphs 1-160 as though fully set forth herein.

162.    Sulak admits that he entered into an Agreement on Ideas, Inventions, and Confidential Information during his employment with mGage, which speaks for itself. Sulak denies the allegations in Paragraph 162 to the extent they are inconsistent with that document.

163.    Sulak is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163; therefore, Plaintiff is left to its proofs.

164.    Sulak admits the allegations in Paragraph 164 of the Complaint.

165.    Sulak admits that on or about August 3, 2018, he entered into a separation agreement with mGage, which document speaks for itself. Stansbury denies the allegations in Paragraph 165 to the extent they are inconsistent with that document.

166.    Sulak denies the allegations in Paragraph 166 of the Complaint.

167.    The document referenced in Paragraph 167 of the Complaint speaks for itself, and Sulak denies the allegations in Paragraph 128 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

168.    Sulak denies the allegations in Paragraph 168 of the Complaint.

169.    Sulak denies the allegations in Paragraph 169 of the Complaint.

*ACTIVE 42507210v7*

170.    The document referenced in Paragraph 170 of the Complaint speaks for itself, and Stansbury denies the allegations in Paragraph 170 to the extent they are inconsistent with that document. Any and all remaining allegations in this Paragraph, whether express or implied, are denied.

171.    Sulak denies the allegations in Paragraph 171 of the Complaint. Sulak further denies that Plaintiff is entitled to the relief requested in this Paragraph.

**COUNT VIII**
**BREACH OF FIDUCIARY DUTY OF LOYALTY**
**(Stansbury)**

172.    Stansbury incorporates by reference Defendants' responses to Paragraphs 1-171 as though fully set forth herein.

173.    Stansbury denies the allegations in Paragraph 173 to the extent they state legal conclusions to which no responsive pleading is required. Additionally, Stansbury admits that he previously served as the Vice President of Sales of mGage. Any and all other factual allegations in this Paragraph, whether express or implied, are denied.

174.    Stansbury denies the allegations in Paragraph 174 of the Complaint.

175.    Stansbury denies the allegations in Paragraph 175 of the Complaint.

176.    Stansbury denies the allegations in Paragraph 176 of the Complaint. Stansbury further denies that Plaintiff is entitled to the relief requested in this Paragraph.

177.    Stansbury denies the allegations in Paragraph 177 of the Complaint. Stansbury further denies that Plaintiff is entitled to the relief requested in this Paragraph.

**COUNT IX**
**BREACH OF FIDUCIARY DUTY OF LOYALTY**
**(Dreby)**

178.    Dreby incorporates by reference Defendants' responses to Paragraphs 1-177 as though fully set forth herein.

21

179.     Dreby denies the allegations in Paragraph 179 to the extent they state legal conclusions to which no responsive pleading is required. Additionally, Dreby admits she is a former employee and manager of mGage. Any and all other factual allegations in this Paragraph, whether express or implied, are denied.

180.     Dreby denies the allegations in Paragraph 180 of the Complaint.

181.     Dreby denies the allegations in Paragraph 181 of the Complaint.

182.     Dreby denies the allegations in Paragraph 182 of the Complaint. Dreby further denies that Plaintiff is entitled to the relief requested in this Paragraph.

183.     Dreby denies the allegations in Paragraph 183 of the Complaint. Dreby further denies that Plaintiff is entitled to the relief requested in this Paragraph.

## COUNT X
## TORTIOUS INTERFERENCE WITH CONTRACT
### (Mobivity)

184.     Mobivity incorporates by reference Defendants' responses to Paragraphs 1-183 as though fully set forth herein.

185.     Mobivity is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 185; therefore, Plaintiff is left to its proofs.

186.     Mobivity denies the allegations in Paragraph 186 of the Complaint.

187.     Mobivity denies the allegations in Paragraph 187 of the Complaint.

188.     Mobivity denies the allegations in Paragraph 188 of the Complaint.

189.     Mobivity denies the allegations in Paragraph 189 of the Complaint.

190.     Mobivity denies the allegations in Paragraph 190 of the Complaint.  Mobivity further denies that Plaintiff is entitled to the relief requested in this Paragraph.

## COUNT X
## TORTIOUS INTERFERENCE WITH CONTRACT
### (All Defendants)

191.     Defendants incorporates by reference their responses to Paragraphs 1-190 as though fully set forth herein.

192.     Defendants deny the allegations in Paragraph 192 of the Complaint.

193.     Defendants deny the allegations in Paragraph 193 of the Complaint.

194.     Defendants deny the allegations in Paragraph 194 of the Complaint. Defendants further deny that Plaintiff is entitled to the relief requested in this Paragraph.

195.     Defendants deny the allegations in Paragraph 195 of the Complaint.

196.     Defendants deny the allegations in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations in Paragraph 197 of the Complaint.

198.     Defendants deny the allegations in Paragraph 198 of the Complaint, including all sub-paragraphs. Defendants further deny that Plaintiff is entitled to the relief sought in this Paragraph, including all sub-paragraphs.

199.     Defendants deny the allegations in Paragraph 199 of the Complaint, including all sub-paragraphs. Defendants further deny that Plaintiff is entitled to the relief sought in this Paragraph, including all sub-paragraphs.

200.     Defendants deny Defendants deny the allegations in Paragraph 200 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief sought in its Prayer for Relief.

*ACTIVE 42507210v7*

## <u>AFFIRMATIVE DEFENSES</u>

Without prejudice to the denials set forth in this Responsive Pleading, and without admitting any of the averments of the Complaint not otherwise admitted, Defendants assert the following defenses to the causes of action in Plaintiff's Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law:

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, under the doctrines of laches, waiver, estoppel, and/or acquiescence.

3.      Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

4.      Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

5.      Defendants did not misappropriate or use any of Plaintiff's confidential information to the detriment of Plaintiff; thus, Plaintiff suffered no damages.

6.      Plaintiff cannot establish any damages or suitable equitable relief resulting from alleged misappropriation by Defendants.

7.      Mobivity is not a "Competitive Entity" within the scope of Paragraph 4.1 of the Employees' Restrictive Covenant Agreements; thus, the Employees did not breach their Restrictive Covenant Agreements.

8.      The Restrictive Covenant Agreements are unenforceable restraints on competition.

9.      Mobivity had no knowledge of the Employees' Restrictive Covenant Agreements with Plaintiff.

*ACTIVE 42507210v7*

## RESERVATION OF DEFENSES

Defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserve their right to amend their Responsive Pleading to assert any such defense(s).  Defendants adopt and incorporate by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defense applies to Defendants.

## COUNTERCLAIMS

For their counterclaims against mGage LLC ("mGage"), Mobivity Holdings Corp. and Mobivity, Inc. (collectively, "Mobivity"), by and through their attorneys, Greenberg Traurig, LLP, aver as follows:

## THE PARTIES

1.      Mobivity Holdings Corp. is a Nevada corporation with its principal place of business at 55 North Arizona Place, Suite 310, Chandler, Arizona 85225.

2.      Mobivity, Inc. is a Nevada corporation with its principal place of business at 55 North Arizona Place, Suite 310, Chandler, Arizona 85225.

3.      On information and belief, according to the allegations in the Complaint, mGage is a Delaware limited liability company with a principal place of business at 3424 Peachtree Road NE, Suite 400, Atlanta, Georgia 30326, and an office at 470 7th Avenue, 7th Floor, New York, New York 10018. On information and belief, mGage's sole member is a Delaware limited liability company.

## JURISDICTION AND VENUE

4.      This Court has original, subject matter jurisdiction over Mobivity's Fourth Counterclaim under 28 U.S.C. §§ 1331, as this counterclaim arises under the Defend Trade

Secrets Act ("DTSA"). The Court further has subject matter jurisdiction over Mobivity's

counterclaims, including the Sixth and Seventh Counterclaims, under 28 U.S.C. § 1332, as the

amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between

citizens of different states. The Court further has supplemental jurisdiction over Mobivity's

counterclaims under 28 U.S.C. § 1367, at least because those claims arise out of the same

transaction(s) or occurrence(s) as the claims asserted in this action by mGage.

5.       Mobivity's First through Fifth Counterclaims are authorized under the

Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

6.       mGage is subject to the personal jurisdiction of this Court because (1) it initiated

and is prosecuting this action in this district; (2) it has consented to be sued in any federal court

located in the State of New York; and (3) the causes of action asserted herein arise from

Mobivity's transactions of business in New York and/or tortious acts within New York.

7.       Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and because

Mobivity has consented to venue in this Court by filing the instant action in this jurisdiction.

## BACKGROUND

8.       In the Fall of 2018, Mobivity hired the Employees.

9.       Mobivity had no knowledge of the Employees' Restrictive Covenant Agreements,

as defined in Paragraph 43 of Complaint, or any of the Employees' obligations arising under

those agreements.

10.      Prior to assuming employment with Mobivity, each of the Employees received a

letter through which Mobivity extended an offer of employment to him or her (the "Offer

Letters"), and each of the Employees' Offer Letters states:

> **No Conflicting Obligations.** You understand and agree that by accepting this
> offer of employment, you represent to the Company that your performance will

not breach any other agreement to which you are a party . . . You are not to bring with you to the Company or use or disclose to any person associated with the Company, any confidential or proprietary information belonging to any former employer or other person or entity with respect to which you owe an obligation of confidentiality under any agreement or otherwise. The Company does not need and will not use such information and we will assist you in any way possible to preserve and protect the confidentiality of proprietary information belonging to third parties. Also, we expect you to abide by any obligations to refrain from soliciting any person employed by or otherwise associated with any former employer and suggest that you refrain from having any contact with such persons until such time as any non-solicitation obligation expires.

[*See* Exhibit 1, Stansbury Offer Letter at ¶ 9; *see also* Exhibit 2, Dreby Offer Letter at ¶ 9; Exhibit 3, Merkin Offer Letter at ¶ 8; Exhibit 4, Metzger Offer Letter at ¶ 9; and Exhibit 5, Sulak Offer Letter at ¶ 8].

11.     Upon assuming employment with Mobivity, each of the Employees executed a "Confidential Information and Inventions Agreement" (the "Mobivity Employment Agreements").

12.     Each of the Employees' Mobivity Employment Agreements provides:

1.4 **No Improper Use of Information of Prior Employers and Others.** I represent that my employment by Company does not and will not breach any agreement with any former employer, including any noncompete agreement or any agreement to keep in confidence or refrain from using information acquired by me prior to my employment by Company . . . During my employment by Company, I will not improperly make use of, or disclose any information or trade secrets of any former employer or other third party, nor will I bring onto the premises of Company or use any unpublished documents or any property belonging to any former employer or other third party, in violation of any lawful agreements with that former employer or third party.

[*See* Exhibits 6-10 at Section 1.4].

13.     By executing his or her respective Mobivity Employment Agreement, each of the Employees represented to Mobivity that he or she was not bound by any restrictive covenants that would prevent him or her from working for Mobivity or otherwise limit his or her ability to work for Mobivity. *Id.*

14.     After each of the Employees began working for Mobivity, Mobivity expended substantial resources to train them on Mobivity's unique line of products and services and to prepare them for their employment with Mobivity.  Mobivity's purpose in hiring the Employees was, among other reasons, to increase sales and profitability of the company.

15.     In early 2019, Mobivity learned that the Employees had executed the Restrictive Covenant Agreements while employed with mGage.

16.     Based on information and belief, each of the Restrictive Covenant Agreements contains a non-compete provision, which prohibits each respective Employee from working for a "Competitive Entity" for six months following his or her termination from mGage (the "Non-Compete Provisions"). *See* Complaint, Exhibits A-E at ¶ 4.1.

17.     Pursuant to Paragraph 1.2 of the Restrictive Covenant Agreements, a "Competitive Entity" is defined as:

> any Person or Affiliate thereof engaged in any of the following activities: (i) delivering SMS, MMS, Push or other messages or notifications, or offering a platform, reporting or other analytics services, in any manner similar to such services as are or may be offered by the Company from time to time; and (ii) [] any other line of business in which the Company or any of its subsidiaries or Affiliates becomes engaged at any time during the term of Employee's employment with the Company.

18.     mGage is a Tier 1 aggregator of mobile messages, such as SMS and MMS messages, and its primary business is delivering messages back and forth between brands, enterprises, and through to the end user (*i.e.,* mobile subscriber).

19.     Mobivity is not a Tier 1 aggregator.

20.     Mobivity's primary business is in data intelligence and data science, both of which allow them to use data to manipulate different types of individualized marketing offers delivered through multichannel engagement.  Mobivity and mGage do not compete for business and are not competitors.

28

21.     Mobivity employs the services of third-party aggregators, such as mGage, to provide products that involve mobile messaging (*e.g.,* SMS or MMS) to its clients.

22.     mGage and Mobivity are not direct competitors.

23.     Other mGage employees previously left mGage to work for Mobivity. On information and belief, mGage never complained or sought to prevent those employees from working for Mobivity on the grounds that Mobivity was an alleged competitor or "Competitive Entity" of mGage.  On information and belief former mGage employees previously have left mGage to work for other Tier 1 aggregators, thus departing mGage to work for direct competitors of mGage.  In such circumstances mGage did not seek to enjoin those employees from working for competing businesses.

24.     On February 7, 2019, mGage filed the present action against Mobivity and the Employees, alleging that the Employees breached their Restrictive Covenant Agreements with mGage, that Mobivity tortiously interfered with those agreements, and that Mobivity and the Employees misappropriated trade secrets under the Defend Trade Secrets Act and state law, establishing an actual controversy.

25.     Pursuant to a Temporary Restraining Order issued by the Court, Mobivity terminated Stansbury, Dreby, Metzger, and Merkin (the "Terminated Employees") on or about February 7, 2019.

26.     Because Mobivity is enjoined from employing the Terminated Employees, Mobivity has been unable to capitalize on the investment it made in training and educating them on its unique line of products and services.  Mobivity has been denied any ability to utilize the Employees in any productive manner.

27.     Upon information and belief, and based on discovery to date, mGage has not suffered any lost business as a result of Mobivity's employment of any of the Employees.  Similarly, mGage will not in the future suffer any lost business as a result of Mobivity's employment of the Employees.

28.     Upon information and belief, mGage has not suffered any harm to its goodwill as a result of Mobivity's employment of any of the Employees.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Unenforceability of the Employees' Non-Compete Provisions)

29.     Mobivity re-alleges and incorporates by references paragraphs 1-28 of these counterclaims as if fully set forth herein.

30.     The phrase "Competitive Entity," as defined in the Restrictive Covenant Agreements and used in the Non-Compete Provisions, is broader than necessary to protect mGage's confidential information, goodwill, customer relationships, and/or any other legitimate business interest of mGage.

31.     In turn, the Non-Compete Provisions are broader than necessary to protect mGage's confidential information, goodwill, customer relationships, and/or any other legitimate business interest of mGage.

32.     The Non-Compete Provisions unduly burden the Employees.

33.     The Non-Compete Provisions are unenforceable restraints on competition.

34.     A present, genuine, and justiciable controversy exists between Mobivity and mGage regarding the issue of whether the Non-Compete Provisions of the Employees' Restrictive Covenant Agreements are enforceable, and, therefore, whether Mobivity has tortiously interfered with those agreements.

*ACTIVE 42507210v7*

35.     Mobivity is entitled to a declaratory judgment that the Non-Compete Provisions are unenforceable, and therefore, that Mobivity has not tortiously interfered with the Employees' Restrictive Covenant Agreements.

### SECOND COUNTERCLAIM
### (Declaratory Judgment of Non-Breach of the Employees' Non-Compete Provisions)

36.     Mobivity re-alleges and incorporates by references paragraphs 1-35 of these counterclaims as if fully set forth herein.

37.     The Non-Compete Provisions of the Terminated Employees' Restrictive Covenant Agreements prohibit them from working for a "Competitive Entity" during the six months following their separation from mGage.

38.     Mobivity is not a "Competitive Entity" within the scope of the Non-Compete Provisions.

39.     Because Mobivity is not a "Competitive Entity" the Terminated Employees did not breach their Non-Compete Provisions through their employment with Mobivity.

40.     Upon information and belief, mGage has not suffered any damages as a result of the Employees' employment with Mobivity.

41.     A present, genuine, and justiciable controversy exists between Mobivity and mGage regarding the issue of whether the Terminated Employees breached the Non-Compete Provisions of the Employees' Restrictive Covenant Agreements, and, therefore, whether Mobivity has tortiously interfered with those agreements.

42.     Mobivity is entitled to a declaratory judgment that the Terminated Employees did not breach the Non-Compete Provisions of their Restrictive Covenant Agreements, and therefore, that Mobivity has not tortiously interfered with those agreements.

### THIRD COUNTERCLAIM

31

**(Declaratory Judgment of No Tortious Interference with Contract)**

43.     Mobivity re-alleges and incorporates by references paragraphs 1-42 of these counterclaims as if fully set forth herein.

44.     Mobivity was unaware that the Employees were subject to the Restrictive Covenant Agreements with mGage.

45.     Mobivity did not encourage, instruct, or knowingly permit the Employees to violate their Restrictive Covenant Agreements.

46.     Mobivity did not encourage, instruct, or knowingly permit the Employees to disclose confidential information or trade secrets of mGage.

47.     Upon information and belief, mGage has not suffered any damages as a result of Mobivity's employment of the Employees.

48.     A present, genuine, and justiciable controversy exists between Mobivity and mGage regarding the issue of whether Mobivity has tortiously interfered with the Employees' Restrictive Covenant Agreements.

49.     Mobivity is entitled to a declaratory judgment that the Mobivity has not tortiously interfered with the Employees' Restrictive Covenant Agreements.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of No Trade Secret Misappropriation Under the DTSA)**

50.     Mobivity re-alleges and incorporates by references paragraphs 1-49 of these counterclaims as if fully set forth herein.

*ACTIVE 42507210v7*

51.     Upon information and belief, mGage's Campaign Management Tool and Confidential Information, as defined in Paragraph 43 of the Complaint, are not trade secrets under the DTSA.

52.     Mobivity did not and has not acquired, disclosed, or used mGage's Campaign Management Tool or Confidential Information.

53.     Mobivity had and has no knowledge of whether the Employees acquired, disclosed, or used the Campaign Management Tool or Confidential Information, much less through improper means.

54.     Upon information and belief, mGage has not suffered any harm as a result of the alleged misappropriation of the Campaign Management Tool or Confidential Information.

55.     A present, genuine, and justiciable controversy exists between Mobivity and mGage regarding the issue of whether Mobivity has misappropriated any of mGage's trade secrets under 18 U.S.C. §§ 1832 and 1836.

56.     Mobivity is entitled to a declaratory judgment that Mobivity has not misappropriated any of mGage's trade secrets in violation of 18 U.S.C. §§ 1832 and 1836.

### FIFTH COUNTERCLAIM
### (Declaratory Judgment of No Trade Secret Misappropriation Under the Common Law of New York State)

57.     Mobivity re-alleges and incorporates by references paragraphs 1-56 of these counterclaims as if fully set forth herein.

58.     Mobivity did not and has not acquired, disclosed, or used the Campaign Management Tool or Confidential Information, much less through improper means.

*ACTIVE 42507210v7*

59.     Mobivity had and has no knowledge of whether the Employees acquired, disclosed, or used the Campaign Management Tool or Confidential Information, much less through improper means.

60.     Upon information and belief, mGage has not suffered any harm as a result of the alleged misappropriation of the Campaign Management Tool or Confidential Information.

61.     A present, genuine, and justiciable controversy exists between Mobivity and mGage regarding the issue of whether Mobivity has misappropriated any of mGage's trade secrets under the common law of New York State.

62.     Mobivity is entitled to a declaratory judgment that Mobivity has not misappropriated any of mGage's trade secrets under the common law of New York State.

## SIXTH COUNTERCLAIM
### (Tortious Interference with Contract under New York Law)

63.     Mobivity re-alleges and incorporates by references paragraphs 1-62 of these counterclaims as if fully set forth herein.

64.     Mobivity had a contractual relationship with each of the Employees.

65.     mGage had knowledge of Mobivity's contractual relationship with each of the Employees.

66.     mGage nevertheless instituted the above-captioned action to enforce invalid Non-Compete Provisions against the Terminated Employees.

67.     mGage filed its Complaint in the above-captioned action to interfere with Mobivity's contractual relationship with the Terminated Employees.

68.     mGage's committed the foregoing acts intentionally, maliciously, and in bad faith.

69.     As a result of the mGage's bad faith efforts to enforce the Non-Compete Provisions, Mobivity was forced to terminate the Terminated Employees.

70.     By virtue of the foregoing acts, mGage has tortiously interfered in Mobivity's contractual relationship with the Terminated Employees.

71.     The foregoing acts of mGage have caused and will continue to cause disruption to Mobivity's business.

72.     As a direct and proximate result of mGage's conduct, Mobivity has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for a declaration and judgment in their favor against Plaintiff for the following relief:

A.  For an Order dismissing with prejudice Plaintiff's Complaint;

B.  For an award of money damages resulting from mGage's wrongful commencement of this action, along with attorneys' fees and costs incurred by Defendants in defending this Action; and

C.  For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mobivity demands trial by jury on all issues so triable.

/s/ Robert J. Kirshenberg
Robert J. Kirshenberg
GREENBERG TRAURIG, LLP
MetLife Building

35

200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
kirshenbergr@gtlaw.com

*Attorneys for Defendants*